### CARLLEE v. CARLTON et al.

CONFEDERATE MONEY—*Illegal consideration.*—A promise or contract, the consideration of which, in whole or in part, is based upon Confederate money, is void.

#### APPEAL FROM MONROE CIRCUIT COURT.

HON. JOHN E. BENNETT, *Circuit Judge.*

*Watkins & Rose and Wassell & Moore* for Appellant.
*Clark & Williams,* for Appellee.

HARRINGTON, *Special J.*—This was a bill for the specific performance of a contract for the conveyance of land, determined in the Monroe County Circuit Court.

The material facts in the case, as they appear from the record, are: That in August, 1864, one C. W. Richardson and wife sold to C. C. May a certain tract of land in Monroe county, Arkansas, containing three hundred and twenty acres, for the sum of three thousand seven hundred dollars, acknowledging payment in full, and giving a bond in the sum of seven thousand four hundred dollars to execute a deed whenever called on so to do.

Sometime after, and before such deed had been executed, Richardson died, and the bond for the deed having been assigned by May to Charlotte C. CarlLee, the appellant, she brought her suit against Robert C. Carlton, as administrator, and others, as heirs, of said Richardson, to compel the making of a deed according to the terms of said bond.

The appellees demurred to the bill of complaint; setting up that upon the face of the bill it appeared that the consideration, upon which the contract in said bill set forth was based, had not been paid, nor any part thereof, and for other good cause, etc.

The court sustained the demurrer, the appellant excepted, and the case is here upon appeal.

The bond for title, upon which this action is brought, after

citing the obligation, the sale and description of the land, proceeds as follows, to wit: "Now the said C. W. Richardson and P. P. Richardson, his wife, acknowledge that they' have received. of C. C. May thirty-seven hundred dollars in eleven notes of the Confederate States, for $100 each, drawing two cents per day; eight hundred and seventy-seven dollars in Missouri State money, and the balance in Confederate money, $1460 50, making in all, interest, etc., thirty-seven hundred dollars, the full amount C. C. May was to pay for said lands."

Does this constitute a consideration requiring or admitting the enforcement of a contract based upon it?

This court has repeatedly held that contracts made in consideration of Confederate money were void: 25 *Ark.* 246-274; 26 *Ark.* 1-36-160-446.

But the counsel for appellant urge that the phrase, or language, "Missouri State money," must be construed to mean "coin of the United States," and that therefore the contract does show a valuable and lawful consideration; while the counsel for appellees claim that the currency actually paid and referred to in the bond as "Missouri State money," was a Confederate issue, and is subject to the same rule as Confederate money.

In the absence of all proof, we will not attempt to say what was actually paid and designated "Missouri State money," nor, indeed, is it material in determining the question before the court, what it was that was thus paid and designated.

The language used in the bond shows that the contracting parties did not consider themselves contracting in the lawful currency of the nation. They have dropped that familiar and important phrase, "lawful money of the United States," and say "bound unto the said C. C. May in the sum of seven thousand and four hundred dollars, current money of the State of Arkansas," and acknowledge payment for the land in Confederate and Missouri State money, in the full sum to be paid, of which sum twenty-eight hundred and twenty-three dollars were paid in Confederate money.

It is evident that the parties considered this Confederate money a valuable consideration in the contract, and it cannot, therefore, be claimed that the appellant had made such payment, adequate and in full, as to entitle her to the specific performance sought in the bill, even were the eight hundred and seventy-seven dollars, designated Missouri State money, admitted to have been coin of the United States.

Beside, the courts refuse to enforce contracts based upon Confederate money, not because of its being an inadequate consideration, but because of its being an illegal consideration, and the law holds a promise void if any part of the consideration be illegal, to the same extent as though the entire consideration were illegal : *Parsons on Contracts*, 456 ; 6 *Dana* 91; 11 *Wheat*, 258; 26 *Vt.* 184. And the consideration in this case having been mainly Confederate money, and illegal, the contract was void, and the demurrer was properly sustained.

BENNET, J., did not sit in this case.

HON. S. R. HARRINGTON, *Special J.*